J-S71041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DARLA GREEN | |
| Appellant | No. 2759 EDA 2015 |

Appeal from the Judgment of Sentence August 27, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0002034-2015

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:              **FILED OCTOBER 26, 2016**

Appellant, Darla Green, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas after her bench trial conviction of retail theft.[1]  Appellant's counsel has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Counsel's brief presents the sole issue of whether there was insufficient evidence to support Appellant's conviction.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

We adopt the facts and procedural history set forth by the trial court's opinion.  **See** Trial Ct. Op., 1/7/16, at 1-3.  Counsel identified the following issue in the **Anders** brief:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

Was the evidence insufficient to support [A]ppellant's conviction for retail theft, graded as a misdemeanor of the first degree?

*Anders* Brief at 3.

As a prefatory matter, we review counsel's petition to withdraw.

This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's reasons for concluding that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014)

(some citations omitted). If counsel complies with these requirements, "we

will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Id.* at 882 n.7 (citation omitted).

Instantly, counsel provided a factual and procedural summary of the case with citations to the record. *Anders* Brief at 4-6. Counsel explained the relevant law and discussed why Appellant's issue is meritless, noted that counsel made a conscientious examination of the record, and determined the appeal is wholly frivolous. *Id.* at 9-14. Counsel for Appellant provided her with a copy of the *Anders* brief and a letter advising Appellant of her rights. Counsel's Pet. to Withdraw, 4/18/16. In light of the foregoing, we hold counsel has complied with the requirements of *Santiago*. *See Orellana*, 86 A.3d at 879-80. Appellant has not filed a *pro se* or counseled brief. We now examine the record to determine whether the appeal is wholly frivolous. *See id.* at 882 n.7.

After careful consideration of the *Anders* brief,[2] the record, and the decision of the trial court, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 3-5 (summarizing evidence as follows: Appellant intended to carry away the sneakers from Macy's when she left the store's shoe department with the sneakers on her feet, passed ten to fifteen cash registers without paying for the shoes, and attempted to exit the door when security staff stopped her; Appellant's actions constituted the requisite

---

[2] The Commonwealth did not file a brief in this appeal.

- 3 -

taking possession of and carrying away of retail merchandise; Appellant's claim that there was no indication of the shoes' ownership because of a lack of a price tag was not credible, as the shoes had a store tag and a SKU number; even if the shoes did not have a price tag, Appellant's allegation that new shoes in a store's shoe department without a price tag are free to be taken is not a cognizable defense; the value of the shoes was $195 and, thus, exceeded $150 to be graded as a first-degree misdemeanor).  Our independent review of the record reveals no other issues of arguable merit. *See Orellana*, 86 A.3d at 882 n.7.  Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Counsel's petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016

IN THE COURT OF COMMON PLEAS
FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH OF PA      :      CP-51-CR-0002034-2015

v.      :

DARLA GREEN      :

FILED

JAN 07 2016

Criminal Appeals Unit
First Judicial District of PA

**MEMORANDUM OPINION**

*CAMPBELL, J.*



CP-51-CR-0002034-2015 Comm. v. Green, Darla
Opinion

7390626301

December *31* , 2015

**Procedural History**

On August 26, 2015, Defendant Darla Green proceeded to trial before this Court, sitting without a jury. Defendant was convicted of Retail Theft as a misdemeanor of the first degree (18 Pa. C.S. § 3929(a)(1)). Sentencing was deferred to August 27, 2015, when Defendant was sentenced to 4 years probation.

A Notice of Appeal was filed on, September 10, 2015.

Pursuant to Pa.R.A.P. 1925(b)(2) and (3), the Court entered an order on October 7, 2015, directing the filing of a Statement of Errors Complained of on Appeal, not later than twenty-one (21) days after entry of the order.

On October 26, 2015, a "Preliminary Statement of Errors Complained of on Appeal" was filed. The Statement contained to allegations of error.

On that same date, Defendant filed a Petition for leave to file a supplemental Rule 1925(b) statement of errors upon preparation of the notes of testimony. That petition was denied without prejudice to seek leave to file an amended statement of errors upon receipt of the notes of testimony on November 9, 2015.

The notes of testimony became available on December 14, 2015. On December 23, 2015, Defense counsel filed a supplemental statement of errors, stating:

Counsel has reviewed the notes of testimony for this matter and believes there are no non-frivolous issues preserved for appeal. See *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 2009 Pa. LEXIS 1784 (Pa. 2009). Counsel, therefore, intends to file a brief pursuant to *Anders* and *Santiago*.

**Factual History**

Ralph DeRita testified that he is assistant security director for Macy's Department Store. On November 2, 2014, DeRita was working at Macy's at 1300 Market Street. NT 8/26/15, pp. 15-16, 31.

After being contacted by detectives working for him, DeRita observed Defendant through a video security camera. That video was recorded. NT 8/26/15, pp. 18-19; C-1. At about 12:15,. DeRita observed, and the video showed, Defendant trying on a pair Michael Kors sneaker. NT 8/26/15, p. 20. Defendant was subsequently stopped by Macy's personnel and escorted to DeRita's officer, where a pair of Helen High Top sneakers by Michael Kors, were recovered. The sneakers were ascertained to have been priced at $195. NT 8/26/15, pp.22-23, 25, 32-33. Defendant was wearing the sneakers at the time they were recovered from her in DeRita's office. NT 8/26/15, p. 26.

Defendant was stopped at the partially open doorway. NT 8/26/15, p. 33. At the point where Defendant was stopped, she had passed 10-15 active registers, and was beyond all points of purchase. NT 8/26/15, p. 26.

Defendant testified that the shoes in question did not have a price tag on them, from which she said she concluded they could have been anybody's. She further testified that she never walked out of the store with the shoes. NT 8/26/15, pp. 35-36.

There was a stipulation that Defendant has a prior conviction for retail theft as a summary offense. NT 8/26/15, pp.37-38.

2

The parties agreed that Defendant's offense gravity score under the Pennsylvania Sentencing Guidelines was 3, and her prior record score was zero, yielding a sentencing range of RS to one, plus or minus 3. NT 8/26/15, p. 39. Sentencing was bifurcated to permit Defendant to discuss the sentencing process and allocution with her counsel.

On August 27, 2015, Defendant was sentenced to 4 years' probation, under the supervision of the Mental Health Unit, with the first two years to be reporting probation, and the last two years to be non-reporting. NT 8/27/15, p. 5.

## Discussion

Although Defense counsel has not identified any errors for appeal, we will nonetheless discuss the sufficiency of the evidence, including grading of the offense.

**The evidence was sufficient to establish the crime of retail theft as a misdemeanor of the first degree.**

A claim challenging the sufficiency of the evidence presents a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." *Commonwealth v. Hughes*, 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." *Id.*

Our Supreme Court has instructed:

[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record

3

must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Ratsamy*, 594 Pa. 176, 934 A.2d 1233, 1236 n. 2 (2007).

*Commonwealth v. Thomas*, 65 A.3d 939, 943 (Pa.Super. 2013).

Moreover, a conviction may stand on circumstantial evidence. *Commonwealth v. Roscioli*, 309 A.2d 396, 398 (1973) ("Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture."); *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa.Super. 2005) ("[T]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038-39 (Pa.Super. 2002)).

The Crimes Code defines the offense of Retail Theft (18 Pa. C.S. § 3929(a)(1)), in pertinent part:

§ 3929. Retail theft.
(a) Offense defined. — A person is guilty of a retail theft if he:(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

. . .

(b) Grading.
(1) Retail theft constitutes a:
(i) Summary offense when the offense is a first offense and the value of the merchandise is less than $ 150.
(ii) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $ 150.

4

(iii) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $ 150 or more...

Here, the evidence established that Defendant intended to and did carry away the sneakers. She left the shoe area of the store, with the shoes on her feet, passed numerous cash registers without attempting to pay for the shoes, and was exiting the door, beyond any payment opportunity, when she was intercepted by Macy's security staff. This conduct constituted the requisite taking possession of and carrying away of the retail merchandize. Nor did the Court find credible her claim that there was no evident ownership of the shoes because they did not have a price tag and could have been anybody's. NT 8/26/15, pp. 35-36. To the contrary, the credible evidence demonstrated that the shoes had a store tag with a SKU number. NT 8/26/15, pp. 24, 32-33. Further, even if we had believed Defendant that the shoes did not have a tag, the notion that new shoes in a store's shoe department are there for the taking in the absence of a tag, in not a cognizable defense.

Further, the Court found credible the evidence that the value of the shoes was $195. Accordingly, the value of the merchandise exceeded $150, and the retail theft was properly graded as a misdemeanor of the first degree. 18 Pa. C.S. § 3929(b)(1)(iii).

Accordingly, for all the reasons set forth here, Defendant's conviction should be affirmed.

By The Court:

Campbell, J.

5